**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID AZAR,**

                    **Plaintiff,**

**-vs-**                                                                 **Case No. 6:09-cv-400-Orl-31KRS**

**NATIONAL CITY BANK,**

                    **Defendant.**
_____

## ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, National City Bank ("Defendant"), Motion to Dismiss (Doc. 12) and Plaintiff's, David Azar ("Plaintiff"), response in opposition thereto (Doc. 30).

The essence of Plaintiff's Complaint is that Defendant should have known better than to have loaned him money that he could not afford to repay. These allegations, however, do not fall within the limited line of cases that imposes fiduciary liability upon a bank in connection with a loan to its customer. *See*, *e.g.*, *Barnett Bank of West Fla. v. Hooper*, 498 So. 2d 923 (Fla. 1986); *Capital Bank v. MVB, Inc.*, 644 So. 2d 515, 518-519 (Fla. 3d DCA 1994); *Lanz v. Resolution Trust Corp.*, 764 F. Supp. 176, 179 (S.D. Fla. 1991). In short, Plaintiff's allegations are patently implausible and the Complaint is subject to dismissal. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007); *Fin. Sec. Assurance v. Stephens, Inc.*, 500 F.3d 1276, 1282-1283 (11th Cir. 2007).

Accordingly, it is **ORDERED** that Defendant's, National City Bank, Motion to Dismiss (Doc. 12) is **GRANTED** and Plaintiff's Complaint (Docs. 2 and 8) is hereby **DISMISSED**. Plaintiff shall have fifteen (15) days to file an Amended Complaint that states a plausible claim.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 22, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE